Devin H. Fok (SBN 256599)
**DHF LAW, P.C.**
234 E. Colorado Blvd., 8th Floor
Pasadena, CA 91101
Telephone: (310) 430-9933
Facsimile: (818) 484-2023
devin@devinfoklaw.com

Joshua E. Kim (SBN 257260)
A NEW WAY OF LIFE REENTRY PROJECT
9512 S. Central Ave.
Los Angeles, CA 90002
Telephone: (323) 563-3575 Ext. 34
Facsimile: (323) 563-3445
joshua@anewwayoflife.org

*Attorneys for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **JANE DOE, on behalf of herself and all others similarly situated,** ) | No.: |
| ) | |
| **Plaintiff,** ) | **CLASS ACTION COMPLAINT** |
| **vs.** ) | **FOR DAMAGES** |
| ) | |
| **GATE GOURMET, INC. a foreign corporation doing business in California; and DOES 1-10 inclusive,** ) | |
| , ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## PRELIMINARY STATEMENT

1.     This is a consumer class action by Plaintiff JANE DOE on behalf of herself (individually as "Plaintiff") and all others similarly situated, (collectively as "Plaintiffs") against Defendant GATE GOURMET, INC. ("GG, INC." or "Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x ("FCRA").

1

2.      The FRCA also imposes upon employers who use consumer reports to make hiring decisions the requirement that—before taking an adverse action—the employer provide the prospective employee with a copy of the report and a summary of the employee's FCRA rights. This is called a "pre-adverse action notice".

3.      GG failed to provide said notice to Plaintiff before taking adverse action against him on the basis of such report.

4.      The first notice that GG provided Plaintiff indicated to Plaintiff that adverse action had already occurred and therefore, depriving her of the opportunity to contest the information in her report.

5.      Specifically, the notice states that "Based on information in their report, you would not be extended an offer of employment."

6.      The notice specifically informs the consumer that adverse action had already occurred.

7.      In fact, GG utilized the services of a consumer reporting agency, First Advantage, Inc. ("FADV") to determine, on behalf of GG, whether an applicant may be hired based on the information disclosed in the applicant's consumer report.

8.      Defendant adjudicated and determined that Plaintiff was "ineligible" for employment on or about February 2, 2015 and provided mail notice to Plaintiff dated February 12, 2015.

9.      It was not until after February 17, 2015 did Plaintiff receive the notice and knew for the first time that based on the contents of her report that adverse employment action had already been taken against her.

10.     Since GG failed to provide notice *before* that adverse action is taken, GG violated the letter and spirit of 15 U.S.C. §1681b(b)(3).

//

//

//

2

**JURISDICTION AND VENUE**

11.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

12.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

13.    Plaintiff JANE DOE is an adult individual who at all times relevant hereto resided in Los Angeles, California.

14.    Defendant GG is a foreign corporation doing business in California.

**APPLICABLE LAW**

15.    Section 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –
>
> i.    a copy of the report; and
>
> ii.    a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

16.    The purpose of section 1681b(b)(3)(A) is to provide a prospective or current employee a sufficient amount of time to review the consumer report, correct

3

any inaccuracies, and to notify the prospective employer of these inaccuracies before an adverse action is taken.

17.    In direct violation of this statute, Defendant provided notice only after an "ineligible" adjudication had been rendered which constituted adverse employment action within the meaning of the FCRA.

## FACTUAL ALLEGATIONS

18.    At all times relevant herein, Defendant GG utilized a background screening company to determine, on behalf of the company, whether an applicant may be hired based on information disclosed in his or her consumer report.

19.    If adverse information is disclosed in the consumer's background screening report, the background company screening company or FADV will rendering a "judgment" of the record. If the adverse information relates to a criminal conviction that occurred within the last 7 years, FADV will render an "ineligible" adjudication which means that the applicant will not be employed.

20.    The adjudication is clearly an adverse employment action within the meaning of the FCRA.

21.    FADV's routine business is practice is to render an adjudication first then provide notice second.

22.    Since GG failed to provide the required notice including a copy of the applicant's consumer report *before* the negative adjudication by FADV, Plaintiff was deprived of an opportunity to contest the information disclosed in his consumer report.

**A.    Facts Common to Plaintiff and Similarly Situated Consumers**

23.    Plaintiff is informed and believes, and on that basis alleges that Defendant routinely failed to provide any pre-adverse action notice compliant with 15 U.S.C. §1681b(b)(3) prior to the taking of adverse action against consumers including the denial of employment.

24.    This failure by Defendant to give notice before taking an adverse action against Plaintiff and other applicants violated a well-established FCRA requirement.

**B.    Defendant Acted Willfully**

25.    Defendant's procedures and conduct were willful. They were carried out in the manner that Defendant intended and not by mere accident or mistake.

26.    The statutory language and mandates restricting and governing Defendant's business have been in effect for decades.

27.    Defendant's conduct was at least reckless in failing to make an appropriate and effective effort to ascertain the FCRA provisions governing its conduct.

28.    Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in case law applying those provisions.

29.    Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

30.    Despite at least the constructive knowledge of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff, and similarly situated individuals, of their rights under the FCRA.

31. Moreover, prior to procurement of any consumer report, an employer such as Defendant was required to certify to the consumer reporting agency that it will comply with the pre-adverse action notice requirements under §1681b(b)(3)(A).

32. Despite this certification, Defendant failed to, and continues to fail to provide the required notice before the taking of adverse action.

33. As a result of these FCRA violations, Defendant is liable to Plaintiff and similarly situated individuals for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for the FCRA violations alleged herein, and for attorney's fees and costs pursuant to § 1681n and § 1681o.

## CLASS ACTION ALLEGATIONS

**A. The FCRA Class**

a. All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency, against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report before providing a copy of the consumer report as required by the FCRA, 15 U.S.C. § 1681b(b)(3)(A)(i);

**D. Application of Rule 23 to the Classes**

34. **Numerosity – FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

35. **Existence and Predominance of Common Questions of Law and Fact – FED. R. CIV. P. 23(a)(2) and (b)(3).** Common questions of law and fact exist as to all members of the Classes. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a.    Whether the adjudication of "ineligible" for employment constituted an adverse action within the meaning of the FCRA;

    b.    Whether Defendant's practice of providing notice after said adjudication violated §1681b(b)(3)(A) of the FCRA;

    c.    Whether Defendant knowingly and intentionally acted in conscious disregard of the rights of consumers.

36. **Typicality – FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class Member. For class certification purposes, Plaintiff seeks only statutory and punitive damages. Plaintiff would only seek individual or actual damages if class certification is denied. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Classes.

37. **Adequacy of Representation – FED. R. CIV. P. 23(a)(3).** Plaintiff is an adequate representative of the Classes because his interests coincide with, and are not antagonistic to, the interests of the members of the Classes he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Classes.

38. **Superiority – Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class Members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would

7

prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## CLAIMS FOR RELIEF

### COUNT I—VIOLATION OF FCRA SECTION 1681b(b)(3)(A)(i)

39.    Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(i), because it failed to provide a copy of the consumer report used to make an employment decision to Plaintiff and all other similarly situated applicants and employees before taking an adverse action that was based in whole or in part on that report.

40.    Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

41.    Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

42.    In the alternative to the Plaintiff's allegations that these violations were willful, they allege that the violations were negligent and seek issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

Date: February 16, 2017

Respectfully submitted,

/s/ Devin H. Fok

Devin H. Fok (SBN 256599)
**DHF LAW**
234 E. COLORADO BLVD., 8TH FLOOR
PASADENA, CA 91101
TELEPHONE: (310) 430-9933
FACSIMILE: (818) 484-2023
DEVIN@DEVINFOKLAW.COM